UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KORY S. CLAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:10CV0483 TIA |
| | ) |
| MICHAEL BOWERSOX, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Petitioner's Motion to Hold Federal Habeas Corpus Relief Proceedings in Abeyance Pending Exhaustion of State Remedies (Docket No. 8). Respondents have filed a Response. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Petitioner raises 21 grounds for relief in his § 2254 petition. Respondents contend that Petitioner's claims are either unexhausted, without merit or noncognizable.

On March 8, 2010, Petitioner allegedly filed a State Petition for Writ of Habeas Corpus in the Missouri Court of Appeals, Western District. Nonetheless, Petitioner has provided no documentation showing the pending state habeas petition. Indeed the undersigned notes that there is no record of such habeas petition being filed with the Missouri Court of Appeals, Western District. See Missouri Case.net https://www.courts.mo.gov/casenet/cases/searchLitigantName/searchFilingDate (last visited Dec. 22, 2010).

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the

federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies, through which the petitioner can present his claim." Id. (citation omitted).

Faced with a § 2254 petition which includes both exhausted and unexhausted claims, "a district court... has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." Akins v. Kenney, 410 F.3d 451, 455 (8th Cir. 2005) (citing Rhines v. Weber, 544 U.S. 269, 276 (2005). "[S]tay and abeyance is only appropriate when the district court determines there [is] good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 455 (quoting Rhines, 544 U.S. at 276). It is within a district court's discretion to determine whether it should stay § 2254 habeas proceedings. Id. at 456.

The United States Supreme Court held in Rhines v. Weber, 544 U.S. 269, 276 (2005), that a district court has the discretion to stay a § 2254 petition and hold it in abeyance while a petitioner returns to state court to exhaust previously unexhausted claims. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts. stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. And, if good cause is shown, "the district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless." Id. Also relevant is whether there is a state court remedy for the unexhausted claims. See Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005).

Given the posture of the state court habeas proceedings[1] and Respondent's addressing the merits of all of Petitioner's claims raised in the state court habeas proceedings, the Court declines to grant Petitioner a stay at this time. Further, Petitioner has not suggested good cause to stay his § 2254 habeas pending the exhaustion of his State remedies. Therefore, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Hold Federal Habeas Corpus Relief Proceedings in Abeyance Pending Exhaustion of State Remedies (Docket No. 8) is **DENIED.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of December, 2010.

---

[1] The undersigned construes the record as showing that Petitioner did not file a state habeas petitioner in the Missouri Court of Appeals, Western District. See Missouri Case.net https://www.courts.mo.gov/casenet/cases/searchLitigantName/searchFilingDate (last visited Dec. 22, 2010).