UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KORY CLAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.  4:10CV483 TIA |
| | ) |
| TROY STEELE,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This cause is before the Court on Missouri state prisoner Cory Clay's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed March 8, 2010/Docket No. 1).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On August 3, 2005, Petitioner was charged in the Circuit Court of Pemiscot County with murder in the first degree and armed criminal action.  (Resp. Exh. B at 1).  On August 21, 2007, Petitioner entered a guilty plea wherein Petitioner agreed to plead guilty to murder in the second degree and assault in the first degree, and to receive a sentence of life in prison and fifteen years with the sentences to run consecutively.  (Resp. Exh, B at 9).  On October 15, 2007, the Circuit Court sentenced Petitioner to a term of life imprisonment for murder in the second degree and a consecutive fifteen years imprisonment for assault.  (Resp. Exh. B at 54-55).  Petitioner thereafter filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035.  (Resp. Exh. B at 56-62).  On June 5, 2008, Petitioner's appointed counsel filed a First

---

[1]Petitioner is presently incarcerated at the Potosi Correctional Center ("PCC") in Potosi, Missouri.  Inasmuch as Troy Steele is superintendent of PCC and thus is Petitioner's custodian, he should be substituted for Michael Bowersox as proper party respondent.  Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

Amended Motion Under 24.035 to Vacate, Set Aside or Correct Judgment. (Resp. Exh. E at 68-81). The post-conviction relief court denied Petitioner's amended motion after an evidentiary hearing on October 15, 2008. (Resp. Exh. B at 82-89). On November 5, 2009, the Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction relief. (Resp. Exh. E; Clay v. State, 297 S.W.3d 122 (Mo. Ct. App. 2009)). Petitioner pursued no other action in state court. The instant petition for writ of habeas corpus, signed by Petitioner on March 4, 2010, and filed by this Court on March 8, 2010, upon Petitioner being granted leave to proceed in this cause in forma pauperis.

Petitioner is currently incarcerated at the Potosi Correctional Center in Potosi, Missouri, pursuant to the sentence and judgment of the Circuit Court of Pemiscot County, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises twenty-one grounds for relief:

(1) That his guilty pleas were not voluntarily made;

(2) That his guilty pleas were not intelligently entered inasmuch as he was taking antidepressant and psychotropic medications;

(3) That the trial court erred by failing to rule on his October 10, 2007 Motion to Withdraw Guilty Plea;

(4) That Petitioner was denied due process, because he did not understand the nature of the charges against him;

(5) That Petitioner was denied due process, because he did not understand the extent of the rights waived by his guilty pleas;

(6) That his guilty pleas were obtained through coercion;

(7) That Petitioner was denied effective assistance of counsel in that trial counsel failed to protect and preserve his rights;

(8) That Petitioner was denied effective assistance of counsel in that trial counsel abandoned him;

(9) That his guilty pleas were invalid inasmuch as they were induced by fraud and

        misrepresentations about sentencing;

(10)    That Petitioner was denied effective assistance of counsel in that trial counsel failed to obtain a written agreement of his plea conditions;

(11)    That his guilty pleas were coerced;

(12)    That Petitioner was denied due process by the decision of the post-conviction court;

(13)    That Petitioner was denied effective assistance of counsel in that trial counsel failed to preserve for appellate review ths issues raised in Grounds one through eight;

(14)    That Petitioner was denied effective assistance of counsel in that post-conviction counsel failed to raise or otherwise preserve the issue raised in Ground twelve;

(15)    That Petitioner was denied effective assistance of counsel in that post-conviction counsel failed to raise or otherwise preserve the issue of his mental illnesses and learning disabilities for appellate review;

(16)    That Petitioner was denied effective assistance of counsel in that post-conviction counsel failed to raise or otherwise preserve his impairment by psychotropic medications during his guilty plea and sentencing hearings;

(17)    That Petitioner was denied effective assistance of counsel in that post-conviction counsel failed expand the issues into Ground eight into separate claims;

(18)    That Petitioner was denied effective assistance of counsel in that post-conviction counsel failed to preserve issues in his 24.035 post-conviction relief motion;

(19)    That Petitioner was denied effective assistance of counsel in that post-conviction counsel failed to exercise the care and professional diligence of a reasonably competent attorney;

(20)    That the trial and appellate courts erred in disregarding his testimony regarding his mental illnesses; and

(21)    That the trial court erred in ensuring the voluntariness of his guilty  pleas.

In response, Respondent contends that Petitioner has not exhausted his claims, except for Grounds nine, twelve, and twenty inasmuch as they have not been properly raised in the state courts.

Respondent further contends that the unexhausted grounds are procedurally defaulted. Alternatively, Respondent argues that several claims are not cognizable and other claims lack merit.

## I. Non-Cognizable Claims

In his fourteenth through nineteenth grounds for relief, Petitioner claims that he received ineffective assistance of his post-conviction counsel.

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); 28 U.S.C. § 2254(a). Claims that do not reach the level of "constitutional magnitude" cannot be addressed in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991). "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317. There is no constitutional right to an attorney in state post-conviction proceedings. Coleman v. Thompson, 502 U.S. 722, 750 (1991); citing Pennsylvania v. Finley, 481 U.S. 551 (1987). A petitioner cannot, therefore, claim that he received constitutionally ineffective assistance of counsel in such proceedings. Coleman, 501 U.S. at 750; citing Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel, there can be no claim of deprivation of effective assistance).

Petitioner's instant claims that the post-conviction motion counsel committed numerous errors in the representation of him challenges the effectiveness of his post-conviction attorney. Because there is no federal constitutional right to effective assistance of post-conviction counsel, Petitioner's claims that he received ineffective assistance of post-conviction motion counsel does not state a ground for relief in federal habeas corpus, and therefore is not cognizable in this § 2254 proceeding.

Coleman, 501 U.S. at 750; Torna, 455 U.S. at 587-88. As such, the claims raised in Grounds fourteen through nineteen of the instant petition are not cognizable in these proceedings, and should be denied.

## II. Exhaustion of Remedies and Procedural Bar

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Under Missouri law, "allegations of trial court error, reviewable on direct appeal, are not cognizable in a post-conviction motion." Oden v. State, 320 S.W.3d 198, 201 (Mo. Ct. App. 2010). Failure to raise a claim in a post-conviction appeal results in abandonment of that claim. Sweet, 125 F.3d at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996); *see also* Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997) (citing Lowe-Bey v. Groose, 28 F.3d 816, 818 (8th Cir. 1994)) ("A claim that is presented to the state court on a motion for post-conviction relief is procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief.").

A state prisoner who fails "to follow applicable state procedural rules [for] raising the claims' ... is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Sweet, 125 F.3d at 1151 (citation omitted) (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). "Fairly present," means that state prisoners are required to "'refer to a specific federal or constitutional right, a particular constitutional provision, a federal constitutional case, or a state case

raising a pertinent federal constitutional issue'...." Id. at 411-12 (quoting Ashker v. Leapley, 5 F3d 1178, 1179 (8th Cir. 1993)).  A state law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412 (citing Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)).

The Supreme Court has held that a state prisoner can overcome procedural default if he or she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.  The Court explained that "'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Id. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Furthermore, to establish actual prejudice, a petitioner must demonstrate that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).  In order to assert the fundamental miscarriage of justice exception, "a petitioner must make a showing of actual innocence." Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (citing Schlup v. Delo, 513 U.S. 298, 321 (1995)).

A review of the record shows that Claimant failed to raise any other grounds on appeal from the denial of his post-conviction relief.  Therefore, his other claims raised in Grounds one through eight, ten through thirteen, and twenty through twenty-one are procedurally defaulted, and because he does not allege any cause for the default, they may not be considered for habeas review.

### III.   Cognizable Claim

Section 2254(d)(1) requires federal habeas courts to test the determination of state courts

"only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law." Williams v. Taylor, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  Id., 529 U.S. at 380-83.

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result."  Brown v. Payton, 125 S.Ct. 1432, 1438 (2005).  A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner." Id. at 1439; Williams, 529 U.S. at 405.  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

In Shafer v. Bowersox, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result.  A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting Williams v. Taylor, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748, 752 (quoting 28 U.S.C. § 2254(d)(2)) (citing 28 U.S.C. § 2254(e)(1); Boyd v. Minnesota, 274 F.3d 497, 501 n. 4 (8th Cir. 2001)).

As an initial matter, the undersigned notes that the Missouri Court of Appeals summarized the facts regarding the issue on appeal:

> Pursuant to the plea agreement, Kory S. Clay ("Movant") pled guilty to second-degree murder and first-degree assault, both class A felonies. Movant was sentenced to consecutive terms of life in prison for the murder and fifteen years for the assault, consecutive with a seven-year sentence he was serving at that time after a probation violation on an earlier charge. He now appeals from a denial of his motion for post-conviction relief under Rule 24.035. We affirm.
>
> The State originally filed an information charging Movant with first-degree murder, first-degree assault, and two counts of armed criminal action. The State subsequently filed notice of its intent to seek the death penalty. While the case was pending, Movant sent a letter to the prosecutor informing him that Movant believed second-degree murder was the appropriate charge. Once Movant's plea counsel learned of the letter, plea negotiations commenced and continued over the next eight to nine months, with the parties eventually reaching a plea agreement. Under the agreement, the State agreed to reduce the murder charge to second-degree murder, maintain the first-degree assault charge, and drop the two counts of armed criminal action in exchange for guilty pleas to the murder charge and a twenty-five year sentence on the assault charge, with both recommendations serving as a cap. At the sentencing hearing, the judge sentenced Movant to consecutive terms of life in prison on the murder charge and fifteen years for the assault charge, and ordered him to serve both consecutive to the seven-year sentence he was already serving.

> Following his sentence, Movant filed a motion to vacate, set aside, or correct the judgment or sentence on the grounds that he was denied his constitutional rights to persist in his plea of not guilty, to conflict-free counsel, due process, a fair trial by an impartial jury, and effective assistance of counsel. Movant's amended motion alleged that he was denied these rights because his plea counsel had promised him that all sentences would run concurrently, and that, but for that promise, he would not have plead guilty. At the evidentiary hearing on his motion, Movant testified his plea was unknowing, unintelligent, and involuntary because plea counsel, with knowledge of his mental deficiencies, pressured him into a guilty plea, promised him that the assault charge would be reduced to a class B felony, and misled him as to the length of the sentences. Movant also testified at the evidentiary hearing that his plea was unknowing, unintelligent and involuntary because he had taken medication prior to his sentencing hearing and was not asked about it.
>
> In it findings of fact and conclusions of law, the motion court found credible the testimony of plea counsel that they did not promise Movant the sentences would run concurrently or that the assault charge would be reduced, and resolved all conflicting testimony in favor of plea counsel. In addition, the motion court found that plea counsel had not made misrepresentations to Movant, and that any belief of Movant that the assault charge would be reduced, that the sentences would run concurrently, or that the lengths of the sentences would be different was unreasonable. Accordingly, the motion court found that Movant's attorneys did not fail to exercise the customary skill, care, and diligence of a reasonably competent attorney in similar circumstances, that he was not prejudiced by any of his attorneys' acts or omissions, and that his pleas were made knowingly, voluntarily, and intelligently.

(Resp. Exh. E at 1-4; State v. Clay, 297 S.W.3d 122, 123-24 (Mo. Ct. App. 2009) (internal citations omitted). Inasmuch as Petitioner does not rebut these factual findings by clear and convincing evidence, they are presumed to be correct. 28 U.S.C. § 2254(e)(1).

In Ground 9 of the instant petition, Petitioner claims that his guilty pleas were invalid inasmuch as they were induced by fraud and misrepresentations about sentencing. Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion, and, upon review of the merits of the claim, the Missouri Court of Appeals denied Petitioner relief. (Resp. Exhs. E at 1-5).

In relevant part when denying Petitioner's claim, the 24.035 motion court found as follows:

>  Movant alleges generally in the first unnumbered paragraph of paragraph 8 of the amended motion that he was denied his rights to persist in his plea of not guilty, conflict-free counsel, due process, a fair and impartial jury, a fair trial and effective assistance of counsel, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution in that his attorneys failed to meet the standard of a reasonably competent attorney under similar circumstances. .
>
> He alleges in paragraph 8(a) that he was denied certain rights in violation of the Fifth, Sixth and Fourteenth Amendments and Article I, Sections 10 and 18(a), of the Missouri Constitution in that his attorneys were ineffective as they promised him that the seven-year sentence would run concurrently with either the murder sentence or the assault sentence. He claims that, but for counsel's promise, he would not have pleaded guilty, but would have insisted on a trial; and the ineffectiveness rendered the guilty pleas unknowing, unintelligent and involuntary. He elaborates on the claim in paragraphs 9 and 9(a), and includes a claim that he was prejudiced by counsel's ineffectiveness.
>
> Movant has the burden of proving his claims for relief by a preponderance of the evidence. This court determines the credibility of the witnesses at the evidentiary hearing, and it may believe or disbelieve the testimony of any witness, including the testimony of movant.
>
> If movant is to succeed on his claim that he received ineffective assistance of counsel, he must show that the performance of his attorneys did not conform to the degree of skill, care and diligence of a reasonably competent attorney. He must also prove that he was prejudiced; and that, but for errors of his attorneys, he would not have pleaded guilty, but would have proceeded to trial. Where there is a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent that it impinges on the voluntariness and knowledge with which it was made. In the absence of a showing to the contrary, it is presumed that counsel provided effective assistance.
>
> After a movant has pleaded guilty, the ineffectiveness inquiry is limited to whether counsel's actions impinged on his ability to enter a knowing and voluntary plea. "Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely." It is only when a movant's belief about a sentence is based upon positive representations on which he was entitled to rely will it be concluded that a movant's mistaken belief is reasonable. A movant's expectation of a lesser sentence than the sentence he actually received does not make his guilty plea involuntary.

>       This Court believes the testimony of plea counsel that they did not promise movant that any of the sentences would be concurrent. They did not tell movant that the assault count plea would be to a class B felony, nor did they mislead him as to the length of the sentences. The court resolves the conflicts between the testimony of movant and the testimony of the attorneys in favor of the attorneys. The attorneys did not make misrepresentations to movant. If he mistakenly believed that the sentences would be concurrent, or that the guilty plea on the assault count would to a class B felony, or that the length of the sentences would be different, the belief was not reasonable.
>
>       The sentencing court found that the guilty pleas were made knowingly, voluntarily and intelligently. In the absence of an abuse of discretion, deference is given to that court's determination. A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. The sentencing court did not abuse its discretion in accepting the guilty pleas. Movant did not prove that his guilty pleas were not knowingly, voluntarily and intelligently made, and he is not entitled to relief on his claim that they were not made so.
>
>       Movant did not prove by a preponderance of the evidence that his attorneys failed to exercise the customary skill, care and diligence of a reasonably competent attorney under similar circumstances. Nor did he prove that he was prejudiced by any acts or omissions of the attorneys. Movant did not prove that he would not have pleaded guilty and would have insisted on proceeding to trial but for errors of his attorneys. Movant did not prove that he received ineffective assistance of counsel, and he did not prove that he was denied any of his constitutional or other rights as alleged in the amended motion. He is not entitled to relief on any of his claims.
>
>       The sentencing court had jurisdiction to render the judgment and impose the sentences in the underlying criminal case. The sentences imposed were not in excess of the maximum sentences authorized by law, and they were not illegal. The conviction and sentences did not violate the laws of Constitution of Missouri, or the Constitution of the United States. There was no denial or infringement of the constitutional or other rights of movant, including his right to effective assistance of counsel, so as to render the judgment or sentences subject to collateral attack. For the foregoing reasons, the court should overrule the postconviction motion filed by movant under Rule 24.035.

(Resp. Exh. B at 86-89) (internal citations omitted).

On appeal, the Missouri Court of Appeals affirmed the denial of Petitioner's Rule 24.035 motion for post-conviction relief by opining as follows:

> Our review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(dk). Findings are clearly erroneous only where a review of the entire record leaves us with a firm impression that a mistake has been made. The motion court determines the credibility of witnesses at the evidentiary hearing, and is free to believe or disbelieve the testimony of any witness, including that of the movant. We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility.
>
> In the case before us, the motion court determined that plea counsels' testimony was more credible than that of Movant; the motion court believed plea counsels' testimony that they had not promised Movant the sentences would all run concurrently and the assault charge would be reduced, despite Movant's testimony to the contrary. In addition, the motion court concluded that plea counsel has not misled Movant regarding the lengths of the sentences. We defer to those credibility determinations and, therefore, find no error.

(Resp. Exh. E at 3-4; Clay, 297 S.W.3d at 124) (internal citations omitted).

The state court's rejection of Petitioner's claim constituted adjudication on the merits of this claim and must be reviewed under the deferential provisions of 28 U.S.C. § 2254(d)(1). Section 2254(d)(1) requires federal habeas courts to test the findings of state courts only against clearly established federal law, as determined by the Supreme Court of the United States. Further, § 2254(d)(1) prohibits the issuance of a writ of habeas corpus unless the state court's decision is contrary to, or involved an unreasonable application of that clearly established law. Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time Petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Id. at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255

F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply.  Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407).  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

At the time Petitioner's conviction became final, the law was clearly established that a criminal defendant may not plead guilty unless he does so completely and intelligently.  Godinez v. Moran, 509 U.S. 389, 396 (1993).  To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g.,* United States v. Martinez-Cruz, 186 F.3d 1102, 1104 (8th Cir. 1999).  According to the Supreme Court, a record must disclose that a criminal defendant voluntarily and understandingly entered his guilty plea.  Boykin v. Alabama, 395 U.S. 238, 244 (1969).  For a waiver of constitutional rights given pursuant to a guilty plea to be valid under the due process clause, the "state court [must] make a record affirmatively showing the voluntariness of a plea of guilty in accordance with the precepts of Boykin.  Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process." Id. at 243 n.5 (internal citation omitted).  "Moreover, because a guilty plea is an admission to all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. (citation omitted).  However, "the failure of the state court to make a record affirmatively showing the voluntariness of a guilty plea in accordance with the precepts of Boykin does not automatically vacate the plea."  Griffith v. Wyrick, 527 F.2d 109, 112 (8th Cir. 1975).  As explained by the Eighth

- 13 -

Circuit, "[t]he state may still show, by way of post-conviction proceedings, that the plea was voluntarily made." Id.

The guilty plea is an important component of the criminal justice system. Blackledge v. Allison, 431 U.S. 63, 71 (1977). In Blackledge, the Supreme Court opined that a properly administered guilty plea can benefit all concerned, but such benefits "can be secured ... only if the dispositions by guilty plea are accorded a great measure of finality." Id. Thus, once a person enters a guilty plea, any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74.

The record before the Court shows that upon accepting Petitioner's guilty pleas, the trial court made a record affirmatively establishing the voluntariness of Petitioner's guilty pleas including the fact that he understood the law in relation to the facts of the charges against him. (Resp. Exh. B). The court further informed Petitioner of the constitutional rights he was relinquishing by pleading guilty. (Resp. Exh. B). Likewise, during the guilty pleas proceeding, Petitioner testified that his attorneys had not refused to comply with any of his requests, that his attorneys had discussed all available defenses on each individual charge and had prepared to defend and to represent Petitioner at trial, and that he was pleased with his attorneys' representation of him. (Resp. Exh. B at 16-17). Indeed, Petitioner responded in the affirmative when asked if he was completely satisfied with the legal representation provided by counsel, and they did everything he asked them do in their representation of him. (Id.). Further, Petitioner acknowledged that nobody had forced, threatened, or promised him anything in order to secure his guilty pleas. (Id.). During the guilty plea hearing and in open court, the prosecutor noted that counsel "agreed to recommend that these sentences run

consecutively." (Id. at 19). When asked if he heard the prosecutor's recommendation, and he understood the recommendation, Petitioner answered in the affirmative. (Id. at 19-20). Finally, the trial court questioned Petitioner regarding his understanding of his guilty plea agreement, and Petitioner testified that he understood his rights and responded he wanted to plead guilty, and he did not want to withdraw his pleas. (Id. at 31-32). Petitioner's statements made in open court indicating that he understood what he was doing and he voluntarily was entering a plea of guilty "carry a strong presumption of verity." Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) ( "[s]olemn declarations in open court carry a strong presumption of verity.") (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Under such circumstances, the undersigned finds that Petitioner voluntarily pled guilty, and Petitioner was not denied his constitutional rights.

As determined by the Missouri Court of Appeals, the 24.035 motion court's determination that plea counsel's testimony was more credible than that of Petitioner and finding counsel had not promised him sentences that would all run concurrently was not in error. As discussed by the Missouri Court of Appeals, deference was given to the 24.035 motion court's credibility determinations.

Based on the above, the state court's decision denying Petitioner relief is well based on law and fact. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has Petitioner demonstrated such. Therefore, it cannot be said that the state court's adjudication of the instant claim "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Neither has Petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. §2254(d).

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. § 2253(c)(2); see Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). The undersigned finds that reasonable jurists could not differ on any of Petitioner's claims, so the Court will deny a Certificate of Appealability on all claims. Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Kory Clay's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed without further proceedings.

**IT IS FURTHER ORDERED** that Petitioner has not made a substantial showing of a denial of a constitutional right, and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this   13th    day of March, 2013.

                                                /s/ Terry I. Adelman
                                               UNITED STATES MAGISTRATE JUDGE